FAUSTO LÓPEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1184.    Submitted April 3, 1946.—Decided May 20, 1946.

*Amador Ramírez Silva* for appellant.  The registrar appeared by brief.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

The owner of an ironing machine executed a contract mortgaging it to secure a promissory note payable to bearer, Subsequently, the appellant stated under oath at the foot of the contract that he was the holder of the note, and requested the recording of the mortgage in the registry. The registrar refused to record on the ground that it was a chattel mortgage to which the creditor had not been a party, citing the case of *Alvarez v. Registrar,* 64 P.R.R. 39.

The appellant maintains that his case is governed by *Arroyo* v. *Registrar,* 55 P.R.R. 779, because the record is sought by the alleged holder of the mortgage note whereas in *Alvarez* v. *Registrar, supra,* it was sought by the debtor. The distinction, which was suggested by us in *Alvarez* v. *Registrar, supra,* is not valid. No matter who requests the recording, it can not be granted if the chattel mortgage is unilateral and does not designate a particular person as cred-

itor. In the *Arroyo* case, *supra,* it was merely held that a person may appeal from a decision denying the recording of a document presented for record by his agent. As to the merits of the case, the decision denying the record sought was affirmed. *Arroyo* v. *Registrar,* 57 P.R.R. 178.

In the case at bar the contract is unilateral. It does not designate a particular person as creditor. The creditor is an unknown person, to wit, the holder of a promissory note. It is true that the appellant has stated under oath that he is the holder of the promissory note; but such unilateral action on the part of a person who was not a party to the contract can not have the effect of modifying the contract in any way. The statement under oath of a stranger is not sufficient to establish before the registrar that the affiant is the holder of the promissory note. Nor are the recording requirements met by establishing before the registrar that a particular person is the holder of the note. What is necessary is that the debtor should agree to secure a debt owed by him to a particular person. *Alvarez* v. *Registrar, supra.*

The decision appealed from should be affirmed.